UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ADDIE TACKMAN,<br><br>       Plaintiff,<br><br>      v.<br><br>DLC-Link, Inc. d/b/a Bitsafe; AKI<br>BALOGH; STEVEN ELKES; and JESSE<br>EISENBERG,<br><br>      Defendants. | CIVIL ACTION<br>NO. 26-cv-11876-WGY |

YOUNG, D.J.                                    June 11, 2026

**ORDER**

The Plaintiff Addie Tackman shall, by **June 24, 2026**, show cause why the action should not be subject to dismissal or transfer for improper venue.

After reviewing the filings and materials before it, it appears to the Court that venue may be improper in the District of Massachusetts because no defendant seems to reside in Massachusetts, and none of the alleged actions or omissions seem to have occurred in the District of Massachusetts.[1] See 28 U.S.C.

---

[1] Even if the Court, for argument's sake, were to assume that DLC-Link, Inc. resides (for purposes of venue) in this District, it would not dispense with the issue that "[w]here there are multiple defendants, venue must be proper as to each." Krick v. Raytheon Co., 695 F. Supp. 3d 202, 210 (D. Mass. 2023) (Kelley, J.) (citing Stars for Art Prod. FZ, 806 F. Supp. 2d at 447). No individual defendant is alleged to reside in this District.

§ 1391(b)(1)-(2).  Accordingly, the action may be dismissed or, if it be in the interest of justice, transferred to a district where the venue is proper.  See 28 U.S.C. § 1406(a).

Failure to comply with this order will likely result in a transfer of this action.

**SO ORDERED.**

WILLIAM G. YOUNG
DISTRICT JUDGE

[2]